UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROBERT COLLIER, | Case No. 24-cv-07096-JST |
| Petitioner, | |
| v. | **ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| JAMES HILL, | |
| Respondent. | Re: ECF Nos. 2, 5 |

Petitioner, an inmate at Richard J. Donovan Correctional Facility, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 sentence for first-degree burglary from Santa Clara County Superior Court.  ECF No. 1.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner's requests to proceed *in forma pauperis* are GRANTED.  ECF Nos. 2, 5.

## DISCUSSION

### I.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### II.    Procedural History

On February 10, 2010, a Santa Clara County jury found petitioner guilty of first degree

burglary (Cal. Penal Code §§ 459, 460(c)).  On June 24, 2011, at a bifurcated hearing, the Superior Court found that Petitioner had suffered four prior strike convictions and three prior serious felony convictions (Cal. Penal Code §§ 667(a), (b)-(i); 1170.12), but struck one of the prior strike convictions because it was not separately brought and tried.  *See* C No. 18-cv-6557 JST, *Collier v. Covello* ("*Collier I*"), ECF No. 31 at 1-2.  On July 15, 2013, Petitioner was sentenced to twenty-five years to life for the first degree burglary conviction plus a total determinate term of fifteen years for the three prior serious felony convictions.  *See Collier I*, ECF No. 31 at 1-2.

On August 28, 2015, the California Court of Appeal reversed the judgment to permit a new *Pitchess* hearing, instructing that, if there were no discoverable records, the judgment would be reinstated as of that day.  *People v. Collier*, C No. H039927, 2015 WL 5096044 (Cal. Ct. App. Aug. 28, 2015) ("*Collier II*").

On September 12, 2015, Petitioner filed a petition for review with the California Supreme Court, which was denied on November 10, 2015.  *Collier I*, ECF No. 12 at 30-72, 74.

On November 15, 2016, Petitioner filed a habeas petition in the Santa Clara County Superior Court, which was denied on September 18, 2017.  *Collier I*, ECF No. 12 at 76-270.

On June 20, 2018, the California Court of Appeal denied the petition for review.  *Collier I*, ECF No. 12 at 272.

On July 3, 2018, Petitioner filed a petition for review with the California Supreme Court, which was denied on August 8, 2018.  *Collier I*, ECF No. 12 at 274-80.

On October 26, 2018, Petitioner filed a federal habeas petition challenging the conviction and sentence being challenged in this action.  *Collier I*, ECF No. 1.  Petitioner raised ten claims challenging the validity of the conviction and sentence: (1) the prosecutor committed misconduct when he spoke with a defense witness prior to the witness' testimony and revealed information to the witness; (2) the pre-trial identification procedures were unduly suggestive; (3) the prosecutor committed misconduct during the closing argument when he argued that there was evidence that petitioner had committed crimes other than the charged offenses; (4) the prosecutor committed misconduct when he elicited and referred to inadmissible DNA evidence; (5) the prosecutor committed misconduct when he used perjured testimony at trial; (6) the trial court erred in

allowing certain testimony by prosecution witnesses San Jose Police Department officer Braxton and drug counselor Franxo; (7) the trial court erred in allowing police officer Rommel Macatangay to testify regarding the victim's out-of-court statements; (8) his prior felony conviction was invalid because his guilty plea was neither knowing or intelligent and therefore could be used to enhance his punishment; (9) the trial court erred in the adjudication of the truth of petitioner's prior conviction; and (10) ineffective assistance of appellate counsel. *Collier I*, ECF Nos. 1, 6, 21.  On November 12, 2019, the Court dismissed nine of the ten claims as follows.  The Court dismissed Claim Nos. 6, 7 and 10 for failure to exhaust state court remedies; dismissed Claim Nos. 1, 3, 4, 5 and 9 as procedurally defaulted; and dismissed Claim No. 8 for failure to state a federal habeas claim. *Collier I*, ECF No. 21.  Per Petitioner's election, *Collier I* proceeded solely on Claim No. 2, that the pre-trial identification procedures were unduly suggestive. *Collier I*, ECF Nos. 22, 23. On September 14, 2020, the Court denied the petition on the merits and denied a certificate of appealability. *Collier I*, ECF No. 31.  The Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *Collier I*, ECF Nos. 33, 35.

Sometime in 2022 or 2023, Petitioner filed a state habeas petition in Santa Clara County Superior Court, alleging that his sentence was invalid because he was entitled to resentencing under Cal. Penal Code § 1172.75 and because Cal. Penal Code § 1016.8 applied to two of his strike priors.  On May 24, 2023 and July 31, 2023, the state Superior Court denied the state habeas petition on the merits.  The state Superior Court found that Petitioner was not entitled to resentencing under Cal. Penal Code § 1172.75 because he did not suffer any enhancements under Cal. Penal Code § 667.5(b).  The state Superior Court also found that Cal. Penal Code § 1016.8 did not apply because Petitioner was convicted by jury and that to the extent that Petitioner sought to challenge the plea bargains that resulted in this strike priors, he was required to challenge the plea bargains where they were entered (San Francisco Superior Court).  ECF No. 1 at 9-13.  The state appellate court summarily denied the state habeas petition on October 3, 2023, as did the state Supreme Court on February 21, 2024.  ECF No. 1 at 7-8.

Petitioner commenced this action on or about October 10, 2023.  *See* ECF No. 1.

/ / /

United States District Court
Northern District of California

### III.    Petition

In the petition, Petitioner alleges that that he has a federal constitutional liberty interest in immediate release based upon Assembly Bill 1618, which added Section 1016.8 to the California Penal Code, effective Jan. 1, 2020.  Cal. Penal Code § 1016.8 provides that a plea bargain is neither knowing nor intelligent if it requires "a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea," and that a plea bargain is void as against public policy if it "requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea."  Cal. Penal Code § 1016.8.

Petitioner argues as follows.  Two of his three serious felony strike priors—a 1991 first-degree burglary conviction and a 1997 first-degree burglary conviction—were the result of plea bargains.  Cal. Penal Code § 1016.8 applies retroactively to these convictions and renders these convictions invalid.  Because these two conviction are invalid, they cannot be applied to enhance Petitioner's sentence, rendering Petitioner's sentence and commitment is illegal.  *See generally* ECF No. 1 at 14-17.

### IV.    Denying Petition for Writ of Habeas Corpus

The petition fails to state a claim for federal habeas relief.

The core of Petitioner's challenge to his current sentence is that two of his prior convictions, which were relied upon to enhance his sentence, are invalid.  Except in limited circumstances inapplicable here, a petitioner may not attack the constitutionality of a prior conviction used to enhance a later sentence.  "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001).  The only exception to the *Lackawanna* rule barring

1 | challenges to prior convictions used to enhance current sentences is that a petitioner may challenge

2 | a prior conviction on the ground that there was a failure to appoint counsel in that case in violation

3 | of the Sixth Amendment.[1]  *Coss*, 532 U.S. at 404.  Petitioner has not alleged that there was a failure

4 | to appoint counsel in the cases which resulted in his 1991 first-degree burglary conviction and his

5 | 1997 first-degree burglary conviction.  The *Lackawanna* rule therefore bars Petitioner's challenge

6 | to the validity of the 1991 and 1997 conviction relied upon to enhance his sentence.[2]  The Court

7 | therefore DENIES this petition for a writ of habeas corpus.

**V.    Denying Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court

that issues an order denying a habeas petition to either grant or deny therein a certificate of

appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district

court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)

---

[1] A plurality of the Supreme Court has recognized an additional exception to the *Lackawanna* rule: when, through no fault of petitioner's, the constitutional claim was not reviewed, e.g., the state court refused to rule on a properly presented constitutional claim or there is newly discovered evidence of actual innocence.  *See Coss* 532 U.S. at 405-06.

The Ninth Circuit has recognized another exception to the *Lackawanna* rule: "[W]hen a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Dubrin v. California*, 720 F.3d 1095, 1099 (9th Cir. 2013) (state courts incorrectly dismissed petitioner's state habeas petitions on ground that he was no longer in custody although petitioner was still on parole and therefore still in custody).

Neither of these exceptions applies here on the record before the Court.

[2] Regardless, Petitioner's arguments fail on the merits.  Cal. Penal Code § 1016.8 is inapplicable to his prior convictions because Section 1016.8 applies retroactively only to cases that were not yet final on appeal as of January 1, 2020, the date that Section 1016.8 went into effect.  *See People v. Barton*, 52 Cal.App.5th 1145, 1153 (Cal. Ct. App. 2020).  Petitioner's 1991 and 1997 first-degree burglary convictions were final prior to January 1, 2020.

In addition, Petitioner misunderstands Cal. Penal Code § 1016.8.  Section 1016.8 does not invalidate all convictions and sentences that are the product of plea bargains.  Section 1016.8 invalidates only those convictions that are the result of guilty pleas that requires a defendant to waive the future benefits of retroactive changes in the law.  Petitioner has not alleged, and there is no indication that, the plea agreements underlying his 1997 and 1997 first-degree burglary conviction required him to waive the future benefits of retroactive changes in the law.

is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Petitioner's requests to proceed *in forma pauperis*, ECF Nos. 2, 5; DENIES the petition for a writ of habeas corpus; and DENIES a certificate of appealability. Judgment shall be entered in favor of Respondent and against Petitioner. The Clerk is directed to close the case.

This order terminates ECF Nos. 2, 5.

**IT IS SO ORDERED.**

Dated: April 14, 2025

_____
JON S. TIGAR
United States District Judge